Electronically Filed by Superior Court of California, County of Orange, 05/18/2023 04:29:00 PM.
30-2023-01325777-CU-CR-CJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By B. Brown, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF TUSTIN, DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VERONICA GONZALEZ and JUAN LUIS DURAN



RECEIVED
JUN 16 2023
TUSTIN CITY CLERK'S OFFICE

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Central Justice Center<br><br>700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2023-01325777-CU-CR-CJC<br>Judge Kimberly A. Knill |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ameena Mirza Qazi, Esq. 2501 E. Chapman Ave., Ste. 245, Fullerton, CA 92833 (675)207-2397

DATE: 05/18/2023          David H Yamasaki, Clerk of the Court          Clerk, by _____, Deputy
*(Fecha)*                                                        *(Secretario)* B. Brown  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: City of Tustin
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☑ other *(specify)*: CCP 416.50
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.





**EXHIBIT A**                                                                 **7**

1
Ameena Mirza Qazi, Esq. (SBN 250404)
**Peace and Justice Law Center**

2
2501 E. Chapman Ave., Ste. 245
Fullerton, CA 92833

3
Tel: (657)207-2397
ameena@pjlawcenter.org

4

5
Attorney for Plaintiffs
Veronica Gonzalez and Juan Luis Duran

6

7

8

9

10
SUPERIOR COURT OF THE STATE OF CALIFORNIA

11
COUNTY OF ORANGE

12

| | |
|---|---|
| **VERONICA GONZALEZ and JUAN LUIS DURAN,** | Case No.: |
| | **COMPLAINT FOR DAMAGES** |
| **Plaintiffs,** | 1. Excessive Force & Unreasonable Seizure (42 U.S.C. § 1983) |
| **v.** | 2. Denial of Medical Care (42 U.SC. § 1983) |
| **CITY OF TUSTIN, DOES 1-10, inclusive,** | 3. Municipal Liability—Unconstitutional Policy, Custom, and Practice (42 U.S.C. § 1983) |
| **Defendants.** | 4. Municipal Liability—Failure to Train (42 U.S.C. § 1983) |
| | 5. Municipal Liability—Ratification (42 U.S.C. § 1983) |
| | 6. Assault and Battery |
| | 7. False Arrest/Imprisonment |
| | 8. Negligence |
| | 9. Intentional Infliction of Emotional Distress |
| | 10. Violation of Bane Act (Cal. Civ. Code § 52.1) |
| | 11. Violation of Ralph Act (Cal. Civ. Code § 51.7) |
| | **[DEMAND FOR JURY TRIAL]** |

1

COMPLAINT FOR DAMAGES

**EXHIBIT A**      **8**

# INTRODUCTION

1.     This is a civil rights action seeking compensatory and punitive damages against Defendants for the excessive use of force, assault, battery, and false imprisonment of Plaintiffs VERONICA GONZALEZ (hereinafter sometimes "GONZALEZ") and JUAN LUIS DURAN (hereinafter sometimes "DURAN") by DOE DEFENDANTS 1-10, inclusive, in the early morning hours of December 25, 2021. The individual defendants were, and at all relevant times, employed by Defendant CITY OF TUSTIN (hereinafter also "TUSTIN" or "CITY") as police officers with its TUSTIN POLICE DEPARTMENT (hereinafter also "TUSTIN PD"). This civil rights action further seeks full judicial redress for the violations of fundamental rights under the United States Constitution in connection with excessive use of force and unlawful detention of Plaintiffs.

2.     Plaintiffs GONZALEZ and DURAN arrived at St. Cecilia Catholic Church, Tustin, at midnight on early Christmas morning 2021, to attend mass and honor the birth of Jesus Christ, per their religious beliefs. The evening quickly took a turn for the worse when a domestic violence incident at DURAN's home occurred, and his daughter called Tustin PD for emergency assistance. TUSTIN PD arrived on scene, and instead of providing the family with the protection and resources they desperately required, TUSTIN PD egregiously further victimized two of the family members through the excessive use of force and unlawful detention of Plaintiffs.

3.     TUSTIN POLICE DEPARTMENT's General Order §320, Domestic Violence, states that Tustin PD's response to the enforcement of court orders and incidents involving domestic violence laws "shall stress enforcement of the law to protect the victim…" Just the next paragraph emphasizes the importance of the safety of officers and all parties involved, and reminds officers of their duty to exercise due caution and reasonable care. This weighing of interests, when coupled with other policy, custom and training failings, enabled DOE DEFENDANTS 1-10 to woefully abuse this provision, escalating an already heated situation, and further infringing on the constitutional rights of Plaintiffs, whose family members had called officers to aid them in the first place.

4.     In committing such civil rights violations, the individual defendant peace officers and department heads, as well as the public entities under which they are employed, targeted and continue to

2

COMPLAINT FOR DAMAGES

**EXHIBIT A**                                                    **9**

target, whether directly or indirectly, members of the public who face physical and emotional harm based upon the named public entities' capricious policies and arbitrary actions against them.

5.      Plaintiffs seek to hold accountable those individuals responsible for the excessive use of force and unlawful detention. In addition to seeking to hold Defendants accountable, Plaintiffs also seek to challenge the CITY's unconstitutional customs and practices which were the moving force behind the excessive use of force. Indeed, the excessive use of force is directly linked to the CITY's unconstitutional custom and practice of permitting and encouraging TUSTIN PD police officers to use escalatory tactics when responding to emergency calls. Accordingly, this civil rights action is firmly in the public interest.

## JURISDICTION AND VENUE

6.      This case is properly filed in Orange County Superior Court, unlimited, as it is a civil action that seeks remedies under state law for injuries suffered by Plaintiffs in excess of $25,000 (Cal. Civ. Proc. Code § 88).

7.      Personal jurisdiction and venue are proper in this Court because Defendants are located and/or operate within the County of Orange, State of California, and all incidents, events, and occurrences giving rise to this action occurred in the county and state of the same (Cal. Civ. Proc. Code §395(a) and 410.10).

8.      State tort causes of action for Plaintiff GONZALEZ are within six (6) months of Plaintiffs receipt of notice for the rejection of all antecedent claims lodged with Defendant CITY OF TUSIN in compliance with California Tort Claims Act (Cal. Gov. Code §945.6).

## PARTIES

9.      Plaintiff VERONICA GONZALEZ brings this claim in her individual capacity and is a resident of the County of Orange, State of California.

10.     Plaintiff JUAN LUIS DURAN brings this claim in his individual capacity and is a resident of the County of Orange, State of California.

11.     Defendant CITY OF TUSTIN is a municipality with the capacity to sue and be sued, located within the County of Orange, State of California. TUSTIN POLICE DEPARTMENT is a

3

COMPLAINT FOR DAMAGES

**EXHIBIT A**                                          **10**

subsidiary agency of the Defendant CITY OF TUSTIN, located and operating within the County of Orange, State of California.

12.     At all relevant times, DOE DEFENDANTS 1-10, inclusive, were individuals employed as police officers by Defendant CITY OF TUSTIN and TUSTIN PD who were acting under color of law, within the course and scope of their duties, and with the authority and ratification of the named principal entities.

13.     Plaintiffs do not know of the exact names or titles of the defendants sued fictitiously as DOES 1-10 and will ask leave of this Court to amend this Complaint to allege such names and titles when that information is ascertained.

14.     Each of the Defendants has caused and is responsible for the unlawful conduct, deprivation of rights, and injuries of Plaintiffs, either by personally participating in the conduct or acting jointly and in concert with those who did; by authorizing, acquiescing, or failing to take action to prevent or intervene in the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to the rights and wellbeing of Plaintiffs, to initiate and maintain adequate supervision and/or training of said actors; and/or, by ratifying the unlawful conduct perpetuated by said actions, all of whom were employees, officials, agents, etc., under their supervision, direction, and control.

15.     Whenever and wherever reference is made in this Complaint to any act by a defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each defendant individually, jointly, and severally.

16.     Accordingly, each of the individual defendants is sued in their personal capacities for the harms caused by their acts or omissions, while the defendant public entity is sued on account of their liability for the unconstitutional policies, practices, customs, training failures, etc., which were substantial moving forced behind the individual defendants' harmful conduct, and/or for the subsequent ratification thereof.

17.     On or about June 17, 2022, Plaintiff GONZALEZ filed a comprehensive and timely claim for damages with the CITY pursuant to applicable sections of the California Government Code. The claim was rejected by City on or about November 16, 2022.

4

COMPLAINT FOR DAMAGES

**EXHIBIT A**                                                          **11**

**FACTUAL ALLEGATIONS**

18.     During the late evening hours of December 24, 2021, Ms. Yajaira Duran, daughter of Plaintiff DURAN, was at her home in Tustin when she called 911 for emergency assistance with her brother Jose Duran due to an alleged domestic violence incident. Ms. Yajaira had called 911 before for other incidents involving her brother and TUSTIN PD had responded. TUSTIN PD officers were familiar with Jose Duran. The evening of December 24, Ms. Yajaira called dispatch multiple times and was surprised at the lack of urgent response, giving the proximity of their home to the police department. Ms. Yajaira described to dispatch the nature of the incident involving the single assailant Jose Duran, and a full physical description of her brother including his age and clothing.

19.     Plaintiff GONZALEZ, her boyfriend, her sister M.E. Gonzalez, and her sister M.S. Gonzalez's husband Plaintiff DURAN, were attending Christmas Day mass at church at the time Ms. Yajaira began making the calls to 911 for assistance. At approximately midnight (12 a.m.) when mass was about to start, M.E. Gonzalez answered a call from F. Gonzalez, GONZALEZ's then minor daughter, who was also at the home, requesting the group of three to rush home due to an emergency.

20.     At sometime around midnight, Tustin PD officers arrived at the apartment home and congregated in the front of the building. They were unable to locate suspect Jose Duran who was no longer inside the home. Not long after, Plaintiffs arrived at the scene and were prevented from driving up to the apartment as police vehicles were blocking entry. They eventually parked elsewhere and walked to the rear of the apartment where there is a carport. Plaintiff DURAN found his son coming out of from under a car in the carport. DURAN pinned his son to the floor and called for the police officers to assist him.

21.     At approximately 12:55am, one or more officers arrived in the rear of the apartment, pulled DURAN up and starting punching him in the face, head, neck and back and handcuffed DURAN (who at the time of the incident was 5'5" in height and approximately 180 lbs in weight). DURAN asked the arresting officer(s) why he was punching DURAN, and explained that DURAN was trying to assist the officers. An arresting officer told him to "Shut up" and placed him on the curb and told DURAN that he was going to jail.

///

5

COMPLAINT FOR DAMAGES

**EXHIBIT A**                                    **12**

22.     Meanwhile, Plaintiff GONZALEZ observed blood on the doors, floors, and windows of the apartment as she approached the rear of the building. Knowing that her 17-year-old daughter was inside the apartment, GONZALEZ rushed towards the backdoor of the apartment.  GONZALEZ, who does not speak English, did not hear any police commands directed at her. One or more male TUSTIN PD officers grabbed GONZALEZ (who at the time of the incident was 5'5" in height and approximately 140 lbs in weight), hitting her against a metal pole and threw her face-forward on the ground. One or more officers assisted in physically restraining and handcuffing her. One officer kept his knee on her lower neck area, and she cried out in Spanish, "I can't breathe!"

23.     Ms. Yajaira, who started recording the incident using her cell phone, understood her aunt's cries in Spanish and yelled at the officers that GONZALEZ could not breathe and that GONZALEZ did not do anything to deserve this treatment. DURAN also yelled at the police officers that GONZALEZ had not done anything. They were both told to "shut up." GONZALEZ sat handcuffed for approximately an additional thirty minutes. During those 30 minutes, she was segregated from family members and interpreters so there was no one to whom she could communicate her needs.

24.     GONZALEZ was finally approached by a female Tustin PD officer who spoke to her in Spanish and removed the handcuffs.  GONZALEZ explained she was in severe pain, and another male officer approached her to take a report in Spanish.  This officer asked if someone could take her to the hospital; when she pointed out that no family member was nearby for her to communicate with, he called an ambulance and told her that if she does not go in an ambulance her report would not be valid. GONZALEZ, still not free to leave, waited an additional 15-20 minutes for an ambulance.

25.     GONZALEZ could not breathe well and could not move her arm. Around 1:50-2am, an ambulance arrived and took GONZALEZ to a hospital. GONZALEZ was diagnosed with a dislocated left shoulder and elbow, as well as suffering from multiple lacerations and bruises. She incurred $1365.12 in hospital and ambulance bills. She also called in sick for two days to recover, with lost wages in the amount of $180. She continues to suffer pain and restricted movement of her left arm, as well as from psychological and emotional distress from the incident.

26.     After GONZALEZ was handcuffed, DURAN asked to speak to the supervisor in charge at the scene. A TUSTIN PD officer approached and asked DURAN what had happened, and DURAN

6

**EXHIBIT A**                    **13**

explained that he was holding down his son for the benefit of the officers, when an officer started punching him and told him that he was going to jail. The supervising officer removed DURAN's handcuffs and said that he was not going to jail. Later, DURAN asked the officer that had punched him what he did to deserve that treatment. The officer replied that he did not know what was happening and thought DURAN was fighting his son. DURAN explained that he was holding his son for the officers' benefit and the officer who punched him just turned away. Plaintiff DURAN suffered headaches for the next several hours, as well as swelling, bumps, and soreness for the subsequent several days. DURAN continues to suffer psychological and emotional distress from the incident.

27.     This same officer that punched Plaintiff DURAN approached Ms. Yajaira that evening to get her witness testimony and introduced himself nonchalantly as the officer that punched her father. She refused to speak to this officer. Ms. Yajaira is unlikely to call the police again in such an incident, as she is more afraid of the police now.

28.     According to the US Census Bureau, in April 2020 the FORTY PERCENT (40%) of the population of the CITY OF TUSTIN was Hispanic or Latino. FIFTY POINT TWO PERCENT (50.2%) of the Tustin population sometimes or exclusively spoke a language other than English at home, and THIRTY POINT EIGHT (30.8%) of the population was foreign-born.

29.     TUSTIN PD General Order §370.2.1 Hearing Impaired/Disabled Communications reads,

> "Recognizing that various law enforcement encounters may be potentially volatile and/or emotionally charged, department employees should remain alert to the possibility of communication problems and exercise special care in the use of all gestures, and verbal and written communication in an effort to minimize initial confusion and misunderstanding when dealing with any individual(s) with known or suspected disabilities or communication impairments."

TUSTIN PD has no similar policy, practice, custom, or training to guide officers to exercise special care in the use of all gestures, and verbal and written communication in an effort to minimize confusion and misunderstanding with those of limited English proficiency.

30.     California Penal Code 837 specifically permits a private person to place another under arrest when the arresting person directly witnesses the other person committing or attempting to commit

7

**EXHIBIT A**                                                                      **14**

a misdemeanor, or knows or has reason to know that the suspect committed a felony. DURAN came to understand that his son Jose was involved in a domestic violence incident, and was witnessing his son trying to evade arrest. DURAN was within his rights to effectuate a citizen's arrest.

31.    According to the TUSTIN PD'S Arrest and Control Course Outline Rev. Aug. 2020, the "PEP Technique", or Platform-Efficiency-Proficiency, is "a technique used by 2-3 officers to take a combative subject to the ground. PEP is designed to reduce injuries among suspects and officers.

     a.  Primary Officer mounted on suspect's back while other officer attempts to get control of suspect's legs.

     b.  Second Officer pins suspect's legs down, then bends the knees back controlling the legs making it difficult for the suspect to fight.

     c.  Third Officer can assist with handcuffing."

Upon information and belief, the PEP technique was used to detain Plaintiff GONZALEZ.

32.    TUSTIN PD has policies and procedures on the use of force, de-escalation, and the duty to intervene when an officer witnesses another officer engaged in an unreasonable use of force. However, there is no policy or training with respect to de-escalation and the duty to intervene when another officer is effecting an arrest utilizing the PEP technique. In fact, the PEP technique, as well as department policy, officer training and custom, requires officers to come to the assistance of an officer arresting an individual using the PEP technique.

33.    Plaintiffs never threatened the officers and did not pose any immediate threat to the safety of the officers or others. The time between the Plaintiffs' arrival at the scene and the OFFICERS' use of force and seizure was short in duration, such that no reasonable officer would have observed a threat or a need for escalatory physical tactics. In fact, verbal warnings and deescalatory tactics were wholly abandoned or insufficiently utilized, while there were other reasonable options to the use of force on and detaining of Plaintiffs. All DEFENDANTS participated in the use of force against Plaintiffs by either directly using force against Plaintiffs, or by failing to intervene to stop the use of force against Plaintiffs.

34.    As a result of DEFENDANTS' negligence, excessive use of force, and detention of Plaintiffs, Plaintiffs suffered both emotional and physical harm. The use of force against Plaintiffs was excessive and objectively unreasonable under the circumstances, particularly because DEFENDANTS

1   were aware that they were responding to a domestic violence incident involving a single suspect, they

2   possessed the identity and description of the suspect, and because Plaintiffs had not harmed anyone and

3   did not pose a credible threat to any person. DEFENDANTS were aware that victims and witnesses of

4   the alleged domestic violence incident were at the scene and were not suspected of committing any

5   crimes, and that they did not pose any immediate threat to the safety of anyone at any time immediately

6   prior to or during the use of force.

7        35.    Upon information and belief, DOE DEFENDANTS 1-10, were not disciplined,

8   reprimanded, retrained, suspended, have not suffered any administrative consequences, have not

9   suffered any adverse employment consequences, or otherwise penalized in any way in connection with

10  the excessive use of force and unlawful seizure of Plaintiffs.

11                          **FIRST CAUSE OF ACTION**

12              **FOR EXCESSIVE FORCE & UNREASONABLE SEIZURE**

13                            **(42 U.S.C. § 1983)**

14              **(By ALL Plaintiffs against DOES 1-10, inclusive)**

15       36.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1

16  through 35 of this complaint with the same force and effect as if fully set forth herein.

17       37.    The Fourth Amendment to the United States Constitution, and applied to state actors by

18  the Fourteenth Amendment, provides citizens the right to be secure in their person against unreasonable

19  searches and seizures, including the use of excessive force. The excessive and unreasonable use of force

20  against Plaintiffs deprived them of their right to be secure against unreasonable searches and seizures as

21  guaranteed by the Fourth Amendment to the United States Constitution and made applicable to state

22  actors by the Fourteenth Amendment. Plaintiffs were also deprived of due process guaranteed by the

23  Fourteenth Amendment. Because of the unlawful excessive and unreasonable force and unlawful seizure

24  purposefully utilized against Plaintiffs, they suffered both physical and emotional harm.

25       38.    DEFENDANTS DOES 1-10 did not properly assess the situation when responding to the

26  domestic violence call and apprehending the suspect; did not employ tactics to deescalate the situation;

27  did not give Plaintiffs sufficient time to explain their presence at the scene before the use of force and

28  unlawful seizure were employed; did not ascertain from Plaintiffs in a sensitive and non-threatening

9

---

COMPLAINT FOR DAMAGES

**EXHIBIT A**                    **16**

manner the reason for their presence there; and did not give Plaintiffs the opportunity to cooperate with the instructions of Police Officers.

39. Plaintiffs never verbally threatened any of the DOE DEFENDANTS 1-10; Plaintiffs made no assaultive movements toward any of the DOE DEFENDANT 1-10; Plaintiffs did not make any movement suggesting they were intending to inflict harm on any of the DEFENDANT DOES 1-10.

40. Plaintiffs are informed and believe that at no time prior to the use of force against Plaintiffs, that no TUSTIN PD officer or bystander on scene was facing an immediate threat of physical injury; and that the Officers were capable of effectuating their law enforcement purposes using any of a variety of readily available means or strategies. The force used by DOE DEFENDANTS 1-10 was unnecessary, excessive, and unreasonable under the totality of the circumstances.

41. The conduct of the DEFENDANTS was willful, wanton, malicious, and done with a deliberate indifference for the rights and safety of Plaintiffs and therefore warrants the award of exemplary and punitive damages against DOE DEFENDANTS 1-10. All the DEFENDANTS, under 42 U.S.C. § 1983, are liable to the Plaintiffs for compensatory, including general and special, damages.

42. As a result of their excessive use of force which caused constitutional injuries to Plaintiffs, DOE DEFENDANTS 1-10 are liable for Plaintiffs' injuries, either because they were integral participants in the wrongful use of excessive force and unlawful seizure, or because they failed to intervene to prevent these constitutional violations.

43. Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988(b).

## SECOND CAUSE OF ACTION

### FOR DENIAL OF MEDICAL CARE

### (42 USC § 1983)

### (By Plaintiff GONZALEZ, as against DOE DEFENDANTS 1-10, inclusive)

44. Plaintiffs reallege and incorporate by reference each of the forgoing paragraphs in this Complaint with the same force and effect as if fully set forth herein.

45. DOE DEFENDANTS 1-10, inclusive, failed to provide Plaintiff GONZALEZ with necessary medical care in violation of her rights under the Fourth Amendment to the United States Constitution.

---

**EXHIBIT A**                                              **17**

46.     After throwing GONZALEZ to the ground, pulling back her arms, putting a knee on her lower neck obstructing her breathing, and handcuffing her, and spraining her left arm and elbow, DOE DEFENDANTS 1-10 failed to timely render aid to GONZALEZ for approximately an additional hour as she sat handcuffed on the curb. DOE DEFENDANTS 1-10, inclusive, finally called for an ambulance which took GONZALEZ to a hospital at approximately 2 a.m. on December 25, 2021.

47.     DOE DEFENDANTS 1-10, inclusive, and each of them, violated GONZALEZ's rights under the Fourth Amendment when they denied her medical attention after spraining her left shoulder and arm. It was objectively unreasonable to refuse such medical care to GONZALEZ, and to not permit her to leave to seek her own care. Given that GONZALEZ was detained from the moment she was grabbed by officers, and totally prevented from flight, the Fourth Amendment's protections of pre-trial detainees apply. See Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1099 (9th Cir. 2006).

48.     Indeed, DOE DEFENDANTS 1-10, inclusive, were required to seek the necessary medical attention for GONZALEZ after injuring her by ceasing to exacerbate her injury through the continuing detention, and should have immediately summoned the necessary medical help, taking the her to a hospital, and/or performing on-site emergency interventions in the meantime. However, DOE DEFENDANTS 1-10, inclusive, and each of them, completely and utterly failed to execute any of the forgoing interventions.

49.     Accordingly, the Plaintiff GONZALEZ further claims damages for pain and suffering, and all attorneys' fees and costs yet incurred and yet to be incurred by the Plaintiff GONZALEZ in presenting, maintaining, and prosecuting this action, under 42 U.S.C. § 1988.

50.     Further, the conduct of DOE DEFENDANTS 1-10, inclusive, was willful and in conscious disregard of GONZALEZ'S rights and safety subjected her to cruel and unjust hardship. Even after assessing that she was of no threat, the Officers continued to detain her in handcuffs, and after taking the handcuffs off, continued the detention of her on the ground where she was not able to seek medical assistance from family members or to communicate with them.  Therefore, Defendants' conduct also amounted to a malicious and/or oppressive act for which GONZALEZ is further entitled to recover punitive damages.

///

11

**EXHIBIT A**                                         **18**

**THIRD CAUSE OF ACTION**

**FOR MUNICIPAL LIABILITY - UNCONSTITUTIONAL POLICIES, CUSTOMS, AND**

**PRACTICES**

**(42 U.S.C. § 1983)**

**(By all Plaintiffs as against Defendant CITY OF TUSTIN)**

51.　　Plaintiffs reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

52.　　The present cause of action is brought under 42 U.S.C. § 1983, Monell v. Dept. of Social Services, and all other relevant case law and precedent, under which Defendant CITY OF TUSTIN is liable by way of the policies, customs, or directives that were substantial moving forces behind Plaintiff's constitutional violations.

53.　　DOE DEFENDANTS 1-10 acted under color of law. The acts and omissions DEFENDANTS deprived DECEDENT and Plaintiffs of their constitutional rights under the United States Constitution.

54.　　At all times herein mentioned, DOE DEFENDANTS 1-10, inclusive, were employees of the CITY acting under the CITY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned encouraged the employment, deployment and retention of persons as peace officers who have a propensity for utilizing escalatory tactics, resorting to the use of force, wrongfully assessing situations, failing to intervene, dishonesty, cover-up, bias, and numerous other serious abuses of their duties as peace officers in the employment of the CITY.

55.　　Defendant CITY was and at all times herein mentioned has been a public entity and incorporated municipality duly authorized and existing as such in and under the laws of the State of California. Defendant CITY, and its police department, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY and.its tactics,

///

12

COMPLAINT FOR DAMAGES

**EXHIBIT A**　　　　　　　　　　　　　　　　　　　**19**

1   methods, practices, customs and usages related to internal investigations, personnel supervision and

2   records maintenance and the proper application of their powers of arrest by its rank and file, generally.

3        56.    Upon information and belief, the Tustin Police chief and other supervisors and final

4   policymakers, acting under color of law, and who had final policymaking authority concerning the acts

5   of DOE DEFENDANTS 1-10, ratified, and have specifically approved, the acts and omissions of DOE

6   DEFENDANTS 1-10, and the basis for the acts and omissions. Defendant CITY OF TUSTIN, by and

7   through their final policy makers and supervisors have ratified, and have specifically approved, the acts

8   and omissions of DOE DEFENDANTS 1-10.

9        57.    Defendant CITY OF TUSTIN has denied Plaintiff GONZALEZ's tort claim thereby

10   determining that the acts and omissions of DOE DEFENDANTS 1-10 were "within policy" of the

11   Tustin Police Department Policy Manual.  Furthermore, a supervisor on site during the incident failed to

12   intervene, deescalate, release Plaintiffs from custody, and apologize for the conduct, thereby ratifying

13   the conduct of the officers.

14        58.    Because DOE DEFENDANTS 1-10, were not, upon information and belief, disciplined,

15   reprimanded, retrained, suspended, have not suffered any administrative consequences, have not

16   suffered any adverse employment consequences, or otherwise penalized in any way in connection with

17   the excessive use of force and unlawful seizure, the Defendant CITY OF TUSTIN, has ratified, and has

18   specifically approved, of the acts and omissions of DOE DEFENDANTS 1-10.

19        59.    Defendant CITY OF TUSTIN, by and through the Tustin Police chief and other final

20   policymakers manifested deliberate indifference with regard to the excessive use of force, the wrongful

21   arrest and seizure, and the denial of medical care for Plaintiffs, and deliberate indifference to Plaintiff's

22   medical needs.

23        60.    TUSTIN PD fails to have a policy to minimize confusion and misunderstanding with

24   those of limited English proficiency, despite a large percentage of the population of Tustin being Latinx,

25   foreign-born, and/or of limited English proficiency. TUSTIN PD further has contradictory and vague

26   policies on the use of force, handcuffing (including the "PEP" tactic), domestic violence responses,

27   deescalation, and intervention, amongst others. By reason of the forgoing policies, customs, and

28

13

COMPLAINT FOR DAMAGES

**EXHIBIT A**                                          **20**

1 | practices, or lack thereof, Plaintiffs were subjected to severe physical, psychological, and emotional pain

2 | and suffering, as outlined in the claims for relief alleged herein.

3 |       61.    Plaintiffs are informed and believe and thereon allege that at the time of the

4 | aforementioned excessive use of force and unlawful seizure, and long prior thereto, the CITY OF

5 | TUSTIN, TUSTIN PD, and other supervisory officers thereof, as yet unknown to Plaintiffs, failed to

6 | properly train, instruct, supervise, investigate, regulate, or discipline Defendants DOES 1-10, inclusive,

7 | and each of them. These failures and the aforementioned practices, policies, and customs were the

8 | substantial moving forces behind the harm of Plaintiffs.

9 |       62.    The aforesaid acts and omissions of Defendants were done knowingly, intentionally,

10 | depriving Plaintiffs of their constitutional rights.

11 |       63.    Defendants CITY OF TUSTIN and TUSTIN PD, along with various other officials,

12 | whether named or unnamed, had either actual or constructive knowledge of the deficient policies,

13 | practices, and customs alleged in the paragraphs above. Despite this knowledge, these Defendants

14 | condoned, tolerated, and through their actions and inactions did ratify such customs and practices.

15 | Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these

16 | policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

17 |       64.    The policies, practices, and customs implemented, maintained, and/or still tolerated by

18 | Defendant CITY OF TUSTIN and TUSTIN PD were affirmatively linked to and were substantial

19 | moving forces behind the injuries of Plaintiffs and Decedent.

20 |       65.    Accordingly, Defendant CITY is liable to the respective Plaintiffs as set forth in the

21 | causes of action under 42 U.S.C. § 1983 herein.

22 |       66.    Defendant CITY OF TUSTIN, is liable to Plaintiffs for compensatory damages under 42

23 | U.S.C. § 1983. Plaintiffs also seek attorney's fees under this claim pursuant to 42 U.S.C. § 1988(b).

24 | **FOURTH CAUSE OF ACTION**

25 | **FOR MUNICIPAL LIABILITY – FAILURE TO TRAIN**

26 | **(42 USC § 1983)**

27 | **(By all Plaintiffs as against Defendant CITY OF TUSTIN)**

28 |       67.    Plaintiffs reallege and incorporate by reference each of the forgoing paragraphs of this

14

---

COMPLAINT FOR DAMAGES

**EXHIBIT A**          **21**

1   Complaint with the same force and effect as if fully set forth herein.

2        68.    The present cause of action is brought under 42 U.S.C. § 1983, Monell v. Dept. of Social

3   Services, and all other relevant case law and precedent, under which Defendant CITY and its TUSTIN

4   PD are liable by way of the lacking or failed training of its police officers, which was a substantial

5   moving force behind Plaintiff's constitutional violations.

6        69.    At all relevant times, DOE DEFENDANTS1-10, inclusive were acting in the course of

7   their employment with the Defendant CITY, under color of law. The actions and omissions of DOE

8   DEFENDANTS 1-10, inclusive of particular rights guaranteed under the laws and Constitutions of the

9   United States and California, as set forth in the relevant claims for relief herein.

10        70.    Defendant CITY was and at all times herein mentioned has been a public entity and

11   incorporated municipality duly authorized and existing as such in and under the laws of the State of

12   California. Defendant CITY, and its police department, possessed the power and authority to train,

13   supervise, and retain TUSTIN PD officers. Plaintiffs claim that they were deprived of their civil rights as

14   a result of the referenced failures of Defendant CITY OF TUSTIN in the training of its employees,

15   namely DOE DEFENDANTS 1-10, but also Defendant CITY'S officers generally which such failure to

16   train was the moving force behind the constitutional violations herein.

17        71.    The training policies of Defendant CITY were not adequate to properly train TUSTIN PD

18   officers to handle the usual and recurring situations in their interactions with residents, including

19   responding to calls involving domestic violence and with limited English proficiency witnesses and

20   victims. The training policies of Defendant CITY were not adequate to properly train officers with

21   regard to the use of force, the permissible use of arrest tactics and handcuffing, deescalating tense

22   situations involving various parties including domestic violence victims and witnesses, and protecting

23   the rights of persons to medical care in the course of detaining individuals.

24        72.    The unjustified and excessive use of force against Plaintiffs by DOE DEFENDANTS 1-

25   10, inclusive, was a result of the negligent training by Defendant CITY who failed to train police

26   officers, such as DOES 1-10 as to proper police tactics, proper use of force, deescalation techniques,

27   situational awareness, suspect apprehension, intervention, and witness and victim support with respect to

28   responding to domestic violence calls and dealing with witnesses and victims of limited English

15

---

COMPLAINT FOR DAMAGES

---

**EXHIBIT A**            **22**

1  proficiency. Defendant CITY is responsible for the training of Tustin police officers to ensure that the
2  actions, procedures, and practices of DOES 1-10 complied with Peace Officer Standards and Training
3  (POST) training standards regarding proper police tactics, and proper use of force.

4      73.   The training policies of Defendant CITY were deficient in the following: Defendant
5  CITY failed to properly train City of Tustin Police Officers, such as DOES 1 through 10, to deescalate
6  interactions with residents, intervene in excessive uses of force, and do not overreact and resort to use of
7  force or effectuate arrests when the use of force or arrest was not necessary. Instead, DOES 1-10
8  escalated their interactions with Plaintiffs who posed no threat to the safety of the Officers or others,
9  failed to intervene with the excessive uses of force, and caused further emotional harm as Plaintiffs were
10 both parents of potential domestic violence victims.

11     74.   Defendant CITY failed to properly train Tustin police officers, such as DOES 1-10, to
12 properly and adequately assess the need to use force against persons such as Plaintiffs.

13     75.   Defendant CITY failed to properly train its police officers, such as DOES 1-10, in proper
14 police tactics, such as situational awareness, to discern a suspect from distressed witnesses, family
15 members, and potential domestic violence victims.

16     76.   Clearly, despite the resounding need for improved or further training, both in general and
17 with particular respect to DOES 1-10, the CITY OF TUSTIN has allowed, if not affirmatively
18 encouraged, a culture of deliberate indifference to the rights and wellbeing of witnesses, victims, and
19 arrestees to develop among its law enforcement agencies, by which Plaintiffs and others have suffered
20 and continue to suffer constitutional violations. Because of this lack of proper training by Defendant
21 CITY, DOES 1-10 did not use proper police tactics in the handling of their contact and interaction with
22 Plaintiffs. These training failures by Defendant CITY, and defective tactics by DOES 1-10, resulted in
23 the physical and constitutional injuries of Plaintiffs.

24     77.   Defendant CITY failed to properly train TUSTIN PD officers, such as DOES 1 through
25 10, on the importance of effective communication between officers prior to using any type of force.
26 Because of the lack of proper training by CITY of DOES 1 through 10, they did not use effective
27 communication prior to and during the use of force against Plaintiffs. This ineffective communication of
28 ///

16

COMPLAINT FOR DAMAGES

**EXHIBIT A**      **23**

1  information by DOES 1 through 10, prior to and during the incident, resulted in physical and

2  constitutional injuries of Plaintiffs.

3      78.    The failure of Defendant CITY to provide proper training to its officers caused the

4  deprivation of Plaintiffs' rights by DOES 1-10. Defendant CITY's failure to train is so closely related to

5  the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injuries to

6  Plaintiffs. The training policies of the CITY were not adequate to train its police officers to handle the

7  usual and common situations with which they must deal with, including domestic violence incidents

8  where there are multiple victims, witnesses, and family members involved. Defendant CITY was

9  deliberately indifferent to the obvious consequences of its failure to properly train its officers. The

10  failure of the CITY to provide adequate training to its officers caused the deprivation of Plaintiffs' rights

11  by DOE DEFENDANTS 1-10.

12      79.    This failure of the CITY to provide adequate training caused the injuries to Plaintiffs by

13  DOE DEFENDANTS 1-10; that is, the CITY OF TUSTIN's failure to train is so closely related to the

14  deprivation of Plaintiffs' rights as to be the moving force that caused their ultimate injuries. Clearly,

15  such failures in training was the moving force behind the constitutional violations alleged herein.

16      80.    Accordingly, Defendant CITY OF TUSTIN and its TUSTIN PD are liable for the rights

17  violations, and injuries perpetrated and/or allowed by their employees, agents, representatives, or

18  officers, including DOES 1-10, inclusive, on account of the unacceptable failures in their training that

19  precipitated the various harms set forth in all the relevant, forgoing causes of action brought under 42

20  U.S.C. § 1983.

21      81.    Defendant CITY OF TUSTIN, is liable to Plaintiffs for compensatory damages under 42

22  U.S.C. § 1983. Plaintiffs also seek attorney's fees under this claim pursuant to 42 U.S.C. § 1988(b).

23  **FIFTH CAUSE OF ACTION**

24  **FOR MUNICIPAL LIABILITY – RATIFICATION**

25  **(42 USC § 1983)**

26  **(By all Plaintiffs as against Defendant CITY OF TUSTIN)**

27      82.    Plaintiffs reallege and incorporate by reference each of the forgoing paragraphs of this

28  Complaint with the same force and effect as if fully set forth herein.

17

---

COMPLAINT FOR DAMAGES

**EXHIBIT A**          **24**

83.     The present cause of action is brought under 42 U.S.C. § 1983, Monell v. Dept. of Social Services, and all other relevant case law and precedent, under which Defendant CITY and its TUSTIN PD are liable by way of the lacking or failed training of its police officers, which was a substantial moving force behind Plaintiff's constitutional violations.

84.     At all relevant times, DOE DEFENDANTS 1-10, inclusive, were acting in the course of their employment with the Defendant CITY, under color of law. The actions and omissions of DOE DEFENDANTS 1-10, inclusive of particular rights guaranteed under the laws and Constitutions of the United States and California, as set forth in the relevant claims for relief herein.

85.     Upon information and belief, the Tustin Police Chief and other supervisors and final policymakers, acting under color of law, and who had final policymaking authority concerning the acts of DOE DEFENDANTS 1-10, ratified, and have specifically approved, the acts and omissions of DOE DEFENDANTS 1-10, and the basis for the acts and omissions. Defendant CITY OF TUSTIN, by and through their final policy makers and supervisors have ratified, and have specifically approved, the acts and omissions of DOE DEFENDANTS 1-10.

86.     Defendant CITY OF TUSTIN has denied Plaintiff GONZALEZ's tort claim thereby determining that the acts and omissions of DOE DEFENDANTS 1-10 were "within policy" of the Tustin Police Department Policy Manual.  Furthermore, a supervisor on site during the incident failed to intervene, deescalate, release Plaintiffs from custody, and apologize for the conduct, thereby ratifying the conduct of the officers.

87.     Because DOE DEFENDANTS 1-10, were not, upon information and belief, disciplined, reprimanded, retrained, suspended, have not suffered any administrative consequences, have not suffered any adverse employment consequences, or otherwise penalized in any way in connection with the excessive use of force and unlawful seizure of Plaintiffs, the Defendant CITY OF TUSTIN, has ratified, and has specifically approved, of the acts and omissions of DOE DEFENDANTS 1-10.

88.     Defendant CITY OF TUSTIN, by and through its Chief and other final policymakers manifested deliberate indifference with regard to the excessive use of force, and the denial of medical care for Plaintiff GONZALEZ, and deliberate indifference to PLAINTIFF's constitutional rights.

///

18

**EXHIBIT A**                                                            **25**

1    Plaintiffs have suffered physical, emotional, and psychological harm due to the actions of DOE

2 DEFENDANTS 1-10.

3    89.    Defendant CITY OF TUSTIN, is liable to Plaintiffs for compensatory damages under 42

4 U.S.C. § 1983. Plaintiffs also seek attorney's fees under this claim pursuant to 42 U.S.C. § 1988(b).

5                                   **SIXTH CAUSE OF ACTION**

6                        **FOR ASSAULT AND BATTERY BY PEACE OFFICERS**

7                        **(By Plaintiff GONZALEZ, against ALL DEFENDANTS)**

8    90.    Plaintiff GONZALEZ realleges and incorporates by reference each of the forgoing

9 paragraphs in this Complaint with the same force and effect as if fully set forth herein.

10    91.    The present cause of action is brought pursuant to California's statutory and common

11 law, to wit, Gov. Code §§ 815.2 and 820, and Pen. Code §§ 835 et seq.

12    92.    Under Section 820 of the Government Code, as public employees, DOE DEFENDANTS

13 1-10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as private

14 persons. Under Section 815.2 of the Government Code, as public entities, the defendant CITY OF

15 TUSTIN and its TUSTIN PD are liable for injuries caused by the acts or omissions of their employees

16 committed within the course and scope of their employment.

17    93.    As described extensively up to this point, DOE DEFENDANTS 1-10, inclusive,

18 assaulted, and battered GONZALEZ when they intentionally, non-consensually, and injuriously made

19 physical contact with her person by unreasonably throwing her to the ground, putting a knee on her

20 lower neck area, roughly pulling back her arms and otherwise restraining her, and unnecessarily

21 handcuffing her. The use of force by DOES 1-10, inclusive, was not necessary, was unreasonable under

22 the circumstances, and had no legitimate law enforcement purpose.

23    94.    Due directly to the Defendants' unreasonable resort to force, GONZALEZ endured great

24 physical and emotional pain and suffering. Indeed, GONZALEZ sat injured on the ground for another

25 hour while Defendants DOES 1-10, inclusive, completely and utterly failed to render any medical aid, or

26 release her to secure her own medical aid. Accordingly, Defendants, and each of them, directly and

27 proximately caused GONZALEZ to needlessly suffer severe physical, psychological, and emotional

28 distress for which she is entitled to recover compensatory damages.

19

COMPLAINT FOR DAMAGES

**EXHIBIT A**                              **26**

95.     Finally, Defendants' willful and conscious disregard of GONZALEZ'S rights and safety subjected her to cruel and unjust hardship. Without regard for their sworn duties as peace officers, the officers kept her segregated from family members and interpreters, none of the defendants rendered medical aid to GONZALEZ and did not call for an ambulance for approximately for 30 mins-1 hour after injuring her. Therefore, Defendants' conduct also amounted to a malicious and/or oppressive breach of duty under Cal. Civ. Code § 3294, for which PLAINTIFF is further entitled to recover punitive damages.

## SEVENTH CAUSE OF ACTION

### FOR FALSE ARREST/IMPRISONMENT

### (By Plaintiff GONZALEZ, against ALL DEFENDANTS)

96.     Plaintiff GONZALEZ realleges and incorporates by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

97.     The present cause of action is brought pursuant to California's statutory and common law, to wit, and Gov. Code §§ 815.2 and 820. Under Section 820 of the Government Code, as public employees, DOE DEFENDANTS 1-10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2 of the Government Code, as public entities, the defendant CITY OF TUSTIN and its TUSTIN PD are liable for injuries caused by the acts or omissions of their employees committed within the course and scope of their employment.

98.     DOE DEFENDANTS 1-10 intentionally deprived Plaintiff GONZALEZ of her freedom of movement by use of force, including threats of force, menace, fraud, deceit, and unreasonable duress. She was detained by DOE DEFENDANTS 1-10 both while being physically restrained and assaulted, while handcuffed, and then when unhandcuffed and not free to leave and seek medical attention. This detention was made with reasonable suspicious or probable cause.

99.     GONZALEZ did not knowingly or voluntarily consent to the detention.

100.    The conduct of DOE DEFENDANTS 1-10 was a substantial factor in causing harm to Plaintiff GONZALEZ.

101.    Finally, Defendants' willful and conscious disregard of GONZALEZ'S rights and safety subjected her to cruel and unjust hardship. Without regard for their sworn duties as peace officers, none

of the officers told her she was free to leave, and kept her isolated from her family members, despite her

need to seek medical attention and to assure herself of the safety and well-being of her minor daughter.

Therefore, Defendants' conduct also amounted to a malicious and/or oppressive breach of duty under

Cal. Civ. Code § 3294, for which PLAINTIFF is further entitled to recover punitive damages.

### EIGHTH CAUSE OF ACTION

### FOR NEGLIGENCE

### (By Plaintiff GONZALEZ, against ALL DEFENDANTS)

102.    Plaintiff GONZALEZ realleges and incorporates by reference each of the forgoing

paragraphs of this Complaint with the same force and effect as if fully set forth herein.

103.    The present cause of action is brought pursuant to California's statutory and common

law, to wit, and Gov. Code §§ 815.2 and 820. Under Section 820 of the Government Code, as public

employees, DOE DEFENDANTS 1-10, inclusive, are liable for injuries caused by their acts or

omissions to the same extent as private persons. Under Section 815.2 of the Government Code, as public

entities, the defendant CITY OF TUSTIN and its TUSTIN PD are liable for injuries caused by the acts

or omissions of their employees committed within the course and scope of their employment.

104.    DEFENDANT DOES 1-10, inclusive, owed a duty of care to all reasonably foreseeable

people, including GONZALEZ to carry out their law enforcement duties in a reasonable manner,

including the use of any force whatsoever.

105.    DOE DEFENDANTS 1-10, inclusive, breached their duty of care when they carelessly

and negligently carried out their law enforcement duties, and particularly when they used unnecessary

force on Plaintiffs, including throwing GONZALEZ to the ground, putting a knee on her lower neck,

and handcuffing her, in a reckless way, and with willful and conscious disregard. Such use of force by

DOE DEFENDANTS 1-10, inclusive, was clearly unreasonable, not necessary to secure the safety of

officers or others, of no legitimate law enforcement purpose, not warranted under the totality of the

circumstances, and unnecessarily lead to the physical and emotional injuries of GONZALEZ,

establishing that DOE DEFENDANTS 1-10, inclusive, were negligent.

106.    Furthermore, DOE DEFENDANTS 1-10, inclusive, further breached their duty of care by

executing egregiously negligent tactics on December 25, 2021. DOE DEFENDANTS 1-10, inclusive,

21

---

COMPLAINT FOR DAMAGES

1  are trained officers, or should have been trained on using proper tactics as they were taught by POST

2  and by their department. However, despite their training, or lack of training, the actions and inactions of

3  DOE DEFENDANTS 1-10, inclusive, were negligent.

4         107.   At all times herein mentioned, among other things, DOE DEFENDANTS 1-10, inclusive,

5  owed a duty to follow police department policies adopted according to California Govt Code § 7286,

6  that requires police departments to include in their policies "(1) A requirement that officers utilize

7  deescalation techniques, crisis intervention tactics, and other alternatives to force when feasible and

8  (2) A requirement that an officer may only use a level of force that they reasonably believe is

9  proportional to the seriousness of the suspected offense or the reasonably perceived level of actual or

10 threatened resistance."

11       108.   DOE DEFENDANTS 1-10, inclusive, additionally breached their duty and were

12 negligent and unreasonable in their actions and inactions as shown by the following:

13       A.     The failure to properly and adequately assess the need to detain, arrest, and use force

14 against Plaintiffs;

15       B.     The negligent tactics and handling of the situation with Plaintiffs and the reported

16 domestic violence incident;

17       C.     The failure to use alternative and deescalatory means to apprehend the suspect, calm the

18 scene, and get witness and victim statements;

19       D.     The negligent detention, arrest, and use of force, against Plaintiffs;

20       E.     The failure to provide prompt medical care to GONZALEZ;

21       F.     The failure to properly train and supervise employees, both professional and non-

22 professional, including Defendants officers, including, but not limited to the failure to train to follow the

23 Tustin PD General Orders and Standard Operating Procedures;

24       G.     The failure to ensure that adequate numbers of employees with appropriate education,

25 training, and linguistic abilities were available to meet the needs of and protect the rights of

26 GONZALEZ; and

27       H.     The violation of TUSTIN PD General Orders and Standard Operating Procedures and

28 training regarding police tactics and use of force; violation of other portions of the Manual, tactics and

1  training and the failure to follow Police Officer Standards and Training (POST) guidelines and learning

2  domains in regards to crime scene management, witness and victim protection, deescalation tactics and

3  use of force.

4        109.    As a direct and proximate result of Defendants' conduct as alleged above, and other

5  undiscovered negligent conduct, GONZALEZ was caused to suffer pain and suffering, emotional

6  distress, and some lost earning capacity and is entitled to compensation for her pain, suffering, and

7  economic losses.

8        110.    Finally, Defendants' willful and conscious disregard of GONZALEZ'S rights and safety

9  subjected her to cruel and unjust hardship. Without regard for their sworn duties as peace officers, none

10  of the officers told her she was free to leave, and kept her isolated from her family members, despite her

11  need to seek medical attention and to assure herself of the safety and well-being of her minor daughter.

12  Therefore, Defendants' conduct also amounted to a malicious and/or oppressive breach of duty under

13  Cal. Civ. Code § 3294, for which PLAINTIFF is further entitled to recover punitive damages.

14  **NINTH CAUSE OF ACTION**

15  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

16  **(Plaintiff GONZALEZ Against ALL DEFENDANTS)**

17        111.    Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint

18  with the same force and effect as if fully set forth herein.

19        112.    The present cause of action is brought pursuant to Sections 820 and 815.2 of the

20  California Government Code. Under Section 820 of the Government Code, as public employees, the

21  individual Defendants are liable for injuries caused by their acts or omissions to the same extent as

22  private persons. Under Section 815.2 of the Government Code, as a public entity, the Defendant CITY is

23  liable for the injuries caused by the acts or omissions of its employees when committed in the course and

24  scope of their employment.

25        113.    Plaintiff GONZALEZ claims that DOE DEFENDANTS 1-10, and each of them, caused

26  her to suffer severe emotional distress by their reckless and outrageous conduct.

27        114.    GONZALEZ, after receiving a call from her daughter, arrived at the apartment and saw

28  blood on the door, windows, and floors, and was immediately apprehensive for the safety of her minor

23

COMPLAINT FOR DAMAGES

**EXHIBIT A**                  30

child. While GONZALEZ'S apprehension could have been immediately resolved by vocal reassurances from officers, and with Ms. Yajaira and Plaintiff DURAN readily available as interpreters, instead the Defendants exceeded all possible bounds of decency when they threw GONZALEZ to the ground, caused her respiratory distress, sprained her left elbow and left shoulder, and put her in extreme fear of harm for herself, her minor daughter, and other family members.

115.    DOE DEFENDANTS 1-10, despite having a clear suspect description and understanding that they were responding to a domestic violence call involving a single assailant, and knowing full well that they were responding to a call in a City with a large Hispanic population with households of limited English proficiency, acted with a reckless disregard of the probability that Plaintiff GONZALEZ would suffer severe emotional distress as a result of their use of force and escalatory actions.

116.    Furthermore, as a direct result of Defendants' wrongful conduct, GONZALEZ was needlessly placed in harm's way, and has suffered and continues to suffer from physical and emotional harm.

117.    Accordingly, Defendants' willful and conscious disregard of GONZALEZ'S rights and safety had the effect of subjecting her to cruel and unjust hardship. Therefore, Defendants' actions constitute oppressive and/or malicious breaches of duty for the purposes of Civil Code § 3294, under which GONZALEZ is entitled to recover punitive damages in addition to compensation for her physical and emotional pain and suffering, to make an example of Defendants' despicable conduct.

## TENTH CAUSE OF ACTION

### FOR VIOLATION OF THE TOM BANE CIVIL RIGHTS ACT

### (Cal. Civ. Code § 52.1)

### (By ALL Plaintiffs against ALL DEFENDANTS)

118.    Plaintiffs reallege and incorporates by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

119.    The present cause of action is brought pursuant to California's statutory and common law, to wit, Civ. Code § 52.1, and Gov. Code §§ 815.2 and 820. Under Section 820 of the Government Code, as public employees, DOE DEFENDANTS 1-10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2 of the Government Code,

24

---

COMPLAINT FOR DAMAGES

as public entities, the Defendant CITY OF TUSTIN and its TUSTIN PD are liable for injuries caused by the acts or omissions of their employees committed within the course and scope of their employment.

120.     The California Civil Code § 52.1(b) authorizes a private right of action for damages to any person whose constitutional rights are violated. Moreover, "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing Cameron v. Craig, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); Bender v. Cnty. of L.A., 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]— when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

121.     As described extensively throughout earlier discussion, DOE DEFENDANTS 1-10, inclusive, interfered with Plaintiffs' exercise and enjoyment of their civil rights, secured by the Constitutions and laws of the United States and California, by use of force as well as threats, intimidation, and coercion. In particular, Defendants violated Plaintiffs' rights to be free from unreasonable search and seizure; to be secure in their persons; to pursue, obtain, and defend life, liberty, and property; and to receive prompt medical aid; among others.

122.     DOE DEFENDANTS 1-10 conducted unlawful arrests without probable cause and used excessive force in effectuating these arrests. DOE DEFENDANTS 1-10 further "doubled down" on their excessive uses of force and unlawful arrests when the officers told DURAN and his daughter Yajaira to "shut up," and refused to release the Plaintiffs after sufficient explanations were given; and when the officer who punched DURAN continued to excuse his behavior, and even identified himself to Ms. Yajaira as the officer who punched her father.

123.     Upon information and belief, DEFENDANT DOES 1-10, inclusive, specifically intended to interfere with Plaintiffs' civil rights when they used excessive force on and unlawfully seized Plaintiffs. As a direct result of DEFENDANTS' unnecessary and unreasonable resort to force, as well as their failure to render timely aid to Plaintiff GONZALEZ thereafter, Plaintiffs have suffered and/or continue to suffer emotional suffering and psychological harm. Accordingly, Defendants' willful and
///

COMPLAINT FOR DAMAGES

**EXHIBIT A**                                                    **32**

1  conscious disregard of GONZALEZ's rights and safety had the effect of subjecting her to cruel and

2  unjust hardship.

3       124.    Accordingly, Plaintiffs are entitled to compensation for their pain, suffering, and

4  economic losses. Defendants' actions constitute oppressive and/or malicious breaches of duty for the

5  purposes of Civil Code § 3294, under which Plaintiffs are entitled to recover punitive damages in

6  addition to compensation for their physical and emotional pain and suffering to punish and make an

7  example of Defendants' unlawful conduct.

8       125.    Plaintiffs are also entitled to attorney's fees, penalties, and other damages to the full

9  extent of the Bane Act and Civil Code § 52.

10 **ELEVENTH CAUSE OF ACTION**

11 **FOR VIOLATION OF THE RALPH ACT (CIVIL CODE § 51.7)**

12 **(By ALL Plaintiffs Against ALL Defendants)**

13      126.    Plaintiff incorporates by reference each of the foregoing paragraphs of this Complaint

14 with the same force and effect as if fully set forth herein.

15      127.    The present cause of action is brought pursuant to Section 51.7 of the Civil Code and

16 Sections 820 and 815.2 of the California Government Code. Under Section 820 of the Government

17 Code, as public employees, the individual Defendants are liable for injuries caused by their acts or

18 omissions to the same extent as private persons.

19      128.    Plaintiffs claim that DOE DEFENDANTS 1-10 committed an acts of violence against

20 them because of their race, ancestry, primary language, and/or national origin in violation of the Ralph

21 Civil Rights Act (Civil Code§ 51.7), for which the CITY OF TUSTIN is vicariously liable.

22      129.    As previously stated, DOE DEFENDANTS 1-10 violently punched DURAN in the face

23 and threw GONZALEZ to the ground, restrained and handcuffed them both for no legitimate reason.

24 Substantial motivating reasons for the attack include Plaintiffs' Latinx background, perceived

25 immigration status/citizenship, and perceived limited English proficiency.

26      130.    As a direct and proximate result of DOE DEFENDANTS 1-10 excessive use of force and

27 complete failure to intervene, Plaintiffs were injured has continue to suffer emotional distress, while

28 Plaintiff GONZALEZ continues to suffer arm pain and limited mobility.

26

---

COMPLAINT FOR DAMAGES

**EXHIBIT A**                          33

131.    Accordingly, Defendants' willful and conscious disregard of Plaintiffs' rights and safety subjected them to cruel and unjust hardship. Therefore, Defendants' conduct constitutes a malicious/oppressive breach of duty under Civil Code § 3294, for which Plaintiffs are entitled to recover punitive damages, in addition to compensation for their physical and emotional pain and suffering, to make an example of their despicable conduct.

132.    Plaintiffs are also entitled to attorney's fees, penalties, and other damages to the full extent of the Ralph Act and Civil Code § 52.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request entry of judgment in their favor and against All DEFENDANTS, inclusive, as follows:

A. For compensatory damages, including physical, mental, and emotional pain and suffering under federal and state law, in the amount to be proven at trial;

B. For interest;

C. For other general damages in an amount according the proof at trial;

D. For other non-economic damages in an amount according the proof at trial;

E. For other special damages in an amount according to proof at trial;

Dated: May 16, 2023

PEACE AND JUSTICE LAW CENTER

Ameena Mirza Qazi, Esq.
Attorney for Plaintiffs,
VERONICA GONZALEZ and JUAN LUIS
DURAN

27

COMPLAINT FOR DAMAGES

**EXHIBIT A**                                                  **34**

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims for relief alleged herein.

Dated: May 16, 2023

                              PEACE AND JUSTICE LAW CENTER

                              _____

                              Ameena Mirza Qazi, Esq.
                              Attorney for Plaintiffs,
                              VERONICA GONZALEZ and JUAN LUIS
                              DURAN

28

COMPLAINT FOR DAMAGES

**EXHIBIT A**                **35**